**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-50473
Summary Calendar

———————————————

METROPOLITAN LIFE INSURANCE COMPANY,

                              Plaintiff-Appellant,

versus

MAURA BISCHOFF, ET AL.,

                              Defendants,

SEAN PETRIE as Guardian Ad Litem,

                              Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CV-102-SS
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Metropolitan Life Insurance Company ("MetLife") appeals the

district court's award of attorney's fees and prospective

appellate attorney's fees to an appointed guardian ad litem, Sean

Petrie, pursuant to 29 U.S.C. § 1132(g)(1).  We review the award

of attorney's fees for an abuse of discretion.  Wegner v.

Standard Ins. Co., 129 F.3d 814, 820-21 (5th Cir. 1997).

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In considering Petrie's request for attorney's fees, the district court considered and properly applied the five factor test in <u>Iron Workers Local No. 272 v. Bowen</u>, 624 F.2d 1255 (5th Cir. 1980). The district court did not abuse its discretion in awarding attorney's fees based on MetLife's culpability for the complexity of the litigation, its ability to pay fees, and the deterrent effect of such an award on future conduct. Therefore, the award of attorney's fees for Petrie's efforts in the district court is AFFIRMED.

The district court did not explain its decision to award prospective appellate attorney's fees to Petrie. We conclude that the district court abused its discretion by awarding prospective appellate attorney's fees. The award of prospective appellate attorney's fees is VACATED. Petrie may file a separate motion in this court seeking appellate attorney's fees. <u>See</u> 5TH CIR. R. 47.8

AFFIRMED IN PART; VACATED IN PART.